UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES KENNEDY, et al., | |
| Plaintiffs, | Case No. 3:20-mc-00007 |
| v. | Judge Aleta A. Trauger |
| | Magistrate Judge Alistair E. Newbern |
| FREDERICK CARUSO, et al., | |
| Defendants. | |

To:    The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

Pro se Plaintiffs James and Besa Kennedy have asked the Court to order Joseph Meade, a nonparty witness in a pending civil action in the United States District Court for the District of Connecticut, to show cause why he should not be held in contempt for failing to comply with a subpoena issued in that action under Federal Rule of Civil Procedure 45. (Doc. No. 1.) Meade, who is alleged to live in the Middle District of Tennessee, has not responded to the motion or otherwise appeared in this action. For the reasons that follow, the Magistrate Judge will recommend that the Kennedys' motion be transferred to the District of Connecticut under Rule 45(f).

## I.    Background

### A.    Federal Rule of Civil Procedure 45

Federal Rule of Civil Procedure 45 provides a mechanism for parties to an action to obtain discovery, including production of documents and deposition testimony, from a nonparty. *See* Fed. R. Civ. P. 30(a)(1) (providing that a "deponent's attendance [at a deposition] may be compelled by subpoena under Rule 45"); Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be

compelled to produce documents and tangible things or to permit an inspection."). A subpoena under Rule 45 "must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). However, the subpoena power is limited as to the place of compliance; that is, a subpoena can only require a person to attend a deposition or produce documents within 100 miles of where that person lives, works, or regularly transacts business in person. Fed. R. Civ. P. 45(c).

A person seeking to challenge a subpoena can do so by filing a motion to quash under Rule 45(d)(3) in "the court for the district where compliance is required . . . ." Fed. R. Civ. P. 45(d)(3)(A). Rule 45(f) provides that, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). After a motion to quash has been transferred, the court that issued the subpoena "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

B.    The Connecticut Action

The Kennedys filed a civil action in the United States District Court for the District of Connecticut on February 22, 2019. (Doc. Nos. 1, 2.) In that action, the Kennedys assert various claims against the Town of Fairfield, Connecticut, and its employees stemming from the termination of the Kennedys' right to associate with two minor children from James Kennedy's prior marriage to Fatima De Almeida-Kennedy. Complaint, *Kennedy v. Caruso*, No. 3:19-cv-00260 (D. Conn. Feb. 22, 2019), ECF No. 1. The Clerk of Court for the District of Connecticut issued a subpoena to De Almeida-Kennedy on February 4, 2020. *See* Notice of Compliance for Subpoena, *Kennedy v. Caruso*, No. 3:19-cv-00260 (D. Conn. Feb. 25, 2020), ECF No. 72. The subpoena required De Almeida-Kennedy to appear for deposition on February 19, 2020, in Brentwood, Tennessee, and to produce documents regarding to her finances. *Id.* De Almeida-

2

Kennedy filed a motion to quash the subpoena in the Connecticut Action. Motion to Quash, *Kennedy v. Caruso*, No. 3:19-cv-00260 (D. Conn. Feb. 18, 2020), ECF No. 65. She did not appear for her deposition. *See* Motion for Protective Order, *Kennedy v. Caruso*, No. 3:20-mc-00005 (M.D. Tenn. Mar. 4, 2020), ECF No. 6.

On February 24, 2020, the District of Connecticut court denied De Almeida-Kennedy's motion to quash without reaching its merits, finding that the Middle District of Tennessee was the court of compliance and, therefore, the court that should first consider her motion. Order Denying Motion to Quash, *Kennedy v. Caruso*, No. 3:19-cv-00260 (D. Conn. Feb. 24, 2020), ECF No. 71. The court also found that, with De Almeida-Kennedy's consent, a motion challenging the subpoena filed in the Middle District of Tennessee could be transferred back to the District of Connecticut. *Id.*

De Almeida-Kennedy's friend Robert Owsiany, who lives in Connecticut, also filed a motion to quash a subpoena issued in the Connecticut Action. Motion to Quash and Protective Order, *Kennedy v. Caruso*, No. 3:19-cv-00260 (D. Conn. Feb. 21, 2020), ECF No. 69. That subpoena required Owsiany's deposition testimony regarding "[c]ommunications and documentation, whether recorded or not, related to the physical and virtual addresses of and financial condition of . . . De Almeida-Kennedy . . . ." Exhibit A to Motion to Quash and Protective Order, *Kennedy v. Caruso*, No. 3:19-cv-00260 (D. Conn. Feb. 21, 2020), ECF No. 69. It also directed Owsiany to produce documents and various recorded communications with De Almeida-Kennedy. *Id.* Owsiany argued that the subpoena sought information that was irrelevant to the Kennedys' claims in the Connecticut Action. *Id.* On March 16, 2020, the District of Connecticut court granted in part Owsiany's motion, finding that Owsiany's testimony regarding De Almeida-Kennedy's financial condition and related document requests were not

relevant because "De Almeida-Kennedy is not a defendant [in the Connecticut Action], [the Kennedys] are not seeking damages from her, and her financial condition has nothing to do with the gravamen of [the Kennedys'] complaint, which is that Defendants violated [their] constitutional rights." Order on [69] Motion to Quash and Motion for a Protective Order, *Kennedy v. Caruso*, No. 3:19-cv-00260 (D. Conn. Mar. 16, 2020), ECF No. 79.

The Clerk of Court for the District of Connecticut also issued a subpoena to Joseph Meade—another friend of De Almeida-Kennedy—on February 3, 2020, requiring him to appear for a deposition in Franklin, Tennessee, on February 20, 2020.[1] (*See* Doc. No. 2.) Meade did not appear for the deposition. (*See* Doc. Nos. 1 2.)

The deadline to complete all discovery in the Connecticut Action was March 9, 2020. Scheduling Order, *Kennedy v. Caruso*, No. 3:19-cv-00260 (D. Conn. Apr. 26, 2019), ECF No. 32. The Kennedys filed a motion to extend the discovery deadline on February 27, 2020, which the court denied without prejudice to refiling with "the specific dates on which the parties propose to take any remaining depositions." Order, *Kennedy v. Caruso*, No. 3:19-cv-00260 (D. Conn. Mar. 10, 2020), ECF No. 76. The Kennedys refiled their motion, arguing that extension of the discovery deadline was needed to allow for, among other things, adjudication of motions for orders to show cause in relation to De Almeida-Kennedy and Meade, and completion of their depositions and those of other nonparties. Plaintiffs' Renewed Motion for Modification of the Scheduling Order, *Kennedy v. Caruso*, No. 3:19-cv-00260 (D. Conn. Mar. 17, 2020), ECF No. 80. The court denied that motion, finding that the Kennedys had failed to include specific dates for the remaining

---

[1] Although the subpoena for Meade is not in the record in this action or in the Connecticut Action, in the Related Contempt Action, De Almeida-Kennedy alleges that the subpoena seeks her own "personal and financial information and nothing else related to the [Connecticut Action]." Motion for Protective Order, *Kennedy v. Caruso*, No. 3:20-mc-00005 (M.D. Tenn. Mar. 4, 2020), ECF No. 6.

proposed depositions and had otherwise failed to show good cause to justify extension of the deadline. Order, *Kennedy v. Caruso*, No. 3:19-cv-00260 (D. Conn. Mar. 26, 2020), ECF No. 85. The court found that the Kennedys had "not explained the relevance of the depositions of non-parties Stacey Cox, Joseph Meade, and Stephanie Owsiany," and reminded the Kennedys that it had "already granted Robert Owsiany[']s motion to quash as to his deposition." *Id.* The court also noted that the Kennedys had "apparently not filed a Motion for Order to Show Cause as to Fatima De Almeida-Kennedy, despite knowing about her non-appearance at her deposition for almost a month." *Id.*

The Kennedys filed a motion asking the court to reconsider its refusal to extend the discovery deadline, emphasizing that they had filed a motion for an order to show cause why De Almeida-Kennedy should not be held in contempt in this Court. Plaintiffs' Motion for Reconsideration, *Kennedy v. Caruso*, No. 3:19-cv-00260 (D. Conn. Mar. 29, 2020), ECF No. 87. The court denied the Kennedys' motion, finding that the allegedly new information therein, including the pendency of their motion for an order to show cause in this Court, could have been provided earlier, and that the Kennedys had not been diligent in providing discovery responses or in noticing depositions. Ruling on Motion for Reconsideration [Dkt. 87], *Kennedy v. Caruso*, No. 3:19-cv-00260 (D. Conn. Apr. 9, 2020), ECF No. 93. Since then, the defendants in the Connecticut Action have moved for summary judgment. Motion for Summary Judgment, *Kennedy v. Caruso*, No. 3:19-cv-00260 (D. Conn. Apr. 13, 2020), ECF No. 94; Motion for Summary Judgment, *Kennedy v. Caruso*, No. 3:19-cv-00260 (D. Conn. Apr. 13, 2020), ECF No. 105.

### C.    The Related Contempt Action in this Court

On February 19, 2020, the Kennedys initiated a contempt action in this Court against De Almeida–Kennedy by filing a motion for an order to show cause why she should not be held in contempt for failing to comply with their subpoena. Motion for Order to Show Cause, *Kennedy*

*v. Caruso*, No. 3:20-mc-00005 (M.D. Tenn. Feb. 19, 2020), ECF No. 1. The Kennedys' motion also requests that De Almeida-Kennedy be compelled to attend her next duly-noticed deposition. *Id.* De Almeida-Kennedy responded by filing a motion for a protective order to excuse her from complying with the subpoena's demand for a deposition and production of personal documents. Motion for Protective Order, *Kennedy v. Caruso*, No. 3:20-mc-00005 (M.D. Tenn. Mar. 4, 2020), ECF No. 6.

On April 14, 2020, the Court entered an order in the Related Contempt Action finding that "a challenge to the Kennedys' subpoena filed in the Middle District of Tennessee can be transferred back to the District of Connecticut under Rule 45(f) with De Almeida-Kennedy's consent" and that a transfer of the motions pending in that action appeared "appropriate because an order from this Court resolving them has the potential to significantly disrupt the District of Connecticut court's management of the Kennedys' case." Memorandum Order, *Kennedy v. Caruso*, No. 3:20-mc-00005 (M.D. Tenn. Apr. 14, 2020), ECF No. 9. The Court ordered De Almeida-Kennedy to file a notice stating whether she consented to transfer of the pending motions to the District of Connecticut under Rule 45(f). *Id.* De Almeida-Kennedy filed a notice providing consent. Notice to the Court, *Kennedy v. Caruso*, No. 3:20-mc-00005 (M.D. Tenn. Apr. 21, 2020), ECF No. 10. In a concurrently filed report and recommendation in the Related Contempt Action, the Magistrate Judge recommends that the motions pending there be transferred to the District of Connecticut under Rule 45(f).

### D. This Action

The Kennedys initiated this action on February 20, 2020, by filing a motion for an order to show cause why Meade should not be held in contempt for failing to comply with the February 3, 2020 subpoena issued in the Connecticut Action. (Doc. No. 1.) The Kennedys also ask the Court to compel Meade to appear at his next duly-noticed deposition. (*Id.*) Meade has not responded to

the motion. On April 14, 2020, the Court found that the Kennedys had failed to show that Meade was served with the motion in this action and ordered them to file a certificate of service for their motion and supporting affidavit by April 21, 2020. (Doc. No. 5.) They did not do so.

**II.      Analysis**

Transfer of the Kennedys' motion for an order to show cause is warranted here. As already noted, the court where compliance with a subpoena is required can transfer a subpoena-related motion "to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Although Meade has not appeared in this action, and therefore has not consented to transfer of the Kennedys' motion, exceptional circumstances warrant transfer.

This Court's resolution of the Kennedy's motion could significantly disrupt the District of Connecticut court's management of the Kennedys' case. *See* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment (explaining that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion . . .") The District of Connecticut court already found that the Kennedys failed to demonstrate the relevance of Meade's deposition testimony to their claims. *See* Order, *Kennedy v. Caruso*, No. 3:19-cv-00260 (D. Conn. Mar. 26, 2020), ECF No. 85. Further, an order from this Court granting the Kennedys' motion to compel Meade to appear for deposition would effectively contradict the District of Connecticut court's finding that the discovery deadline not be extended. The District of Connecticut court is better positioned to consider modifications to the scheduling order in the Kennedys' case than this Court. *See Deman Data Sys. v. Schweikert*, Civil Action No. 14-199, 2015 WL 12977016, at *2 (E.D. Ky. Jan. 12, 2015) ("This Court is of the belief that whether to permit the nonparty discovery outside of the discovery period in the Florida case . . . is a matter best resolved by the Florida District Court.").

Finally, it would make little sense to rule on the motion for an order to show cause in this action when De Almeida-Kennedy has consented to transfer of the motions pending in the Related Contempt Action to the District of Connecticut. Accordingly, transfer under Rule 45(f) is the appropriate outcome here.

**III.    Recommendation**

For the foregoing reasons, the Magistrate Judge RECOMMENDS that the Kennedys' motion for an order to show cause (Doc. No. 1) be TRANSFERRED to the District of Connecticut under Rule 45(f).

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 5th day of May, 2020.

ALISTAIR E. NEWBERN
United States Magistrate Judge